UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

-------------------------------------------------------x

MARLON JACKSON,                          :
an individual,                           :          CASE NO.:
                                         :
            Plaintiff,                   :          Judge:
vs.                                      :
                                         :          Magistrate:
G & D BERNARD, LLC,                      :
                                         :
                                         :
            Defendant.                   :
-------------------------------------------------------x

## COMPLAINT

Plaintiff, MARLON JACKSON, by and through his undersigned counsel, hereby files this Complaint and sues G & D BERNARD, LLC (hereinafter referred to as "DEFENDANT"), for damages, declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and declaratory and injunctive relief, damages, attorneys' fees, and costs the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1.    This is an action for relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2.    This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.   Plaintiff, MARLON JACKSON, (hereinafter referred to as "MR. JACKSON"), is a person of the age of majority and a citizen of the State of Louisiana.

5.   MR. JACKSON resides in East Baton Rouge Parish, Louisiana.

6.   MR. JACKSON is a qualified individual with a disability under the ADA and the LCHR. MR. JACKSON has paraplegia because of a T-11 spinal cord injury.

7.   Due to his disability, MR. JACKSON is substantially impaired in several major life activities including walking and standing and requires a wheelchair to ambulate.

8.   Upon information and belief G & D BERNARD, LLC is a Louisiana Limited Liability Company doing business in East Baton Rouge Parish, Louisiana. Upon information and belief, G & D, LLC is the operator of the business located at the real properties and improvements which are the subject of this action, to wit: 2016 Main Street, Baker, LA 70714 (hereinafter referred to as "the Property").

9.   The business at the Property is a Bernard's Pralines store.

10.   DEFENDANT is obligated to comply with the ADA and the LCHR.

11.   All events giving rise to this lawsuit occurred in the Middle District of Louisiana, East Baton Rouge Parish, Louisiana.

<u>**COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**</u>

12.   MR. JACKSON realleges and reavers the above Paragraphs as if they were expressly restated herein.

13.   The Property is a place of public accommodation, subject to the ADA, generally located

at: 2016 Main Street, Baker, LA.

14. MR. JACKSON lives four (4) miles from the Property.

15. MR. JACKSON has visited the Property previously and plans to visit the Property again in the future.

16. During his visit, MR. JACKSON encountered architectural barriers while attempting to navigate the Property with his wheelchair.

17. MR. JACKSON has personally observed and is aware of mobility-related barriers at the Property, as discussed below in Paragraph 21.

18. MR. JACKSON plans on returning to the Property but fears that he will encounter the same barriers to access which are the subject of this action.

19. The barriers discussed below in Paragraph 21 are excluding MR. JACKSON from programs, services, and activities offered at the Property.

20. The barriers discussed below in Paragraph 21 are excluding MR. JACKSON from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered to the general public at the Property.

21. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MR. JACKSON due to, but not limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS:

        A. The Property does not contain any designated-accessible parking spaces;

        B. The accessible route from the parking to the Property's main

3

entrance contains impermissible changes in level and is in general disrepair; and

C. Other mobility-related ADA barriers to be identified following a complete inspection.

22. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

23. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

24. Upon information and belief, removal of the barriers to access located on the Property would provide MR. JACKSON with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

25. MR. JACKSON has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. JACKSON is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

26. MR. JACKSON repeats and realleges all preceding paragraphs in support of this claim.

27. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied to the conduct of DEFENDANT.

28. At all times relevant to this action, MR. JACKSON has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

29. At all times relevant to this action, DEFENDANT's Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

30. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

31. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

32. DEFENDANT discriminated against MR. JACKSON, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to the architectural barriers discussed above.

33. MR. JACKSON deems himself injured by DEFENDANT's discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained

as a result of DEFENDANT's discriminatory conduct and deliberate indifference as alleged herein.

34. MR. JACKSON is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## **PRAYER FOR RELIEF**

WHEREFORE, MR. JACKSON demands judgment against DEFENDANT, and requests the following injunctive relief, damages, and declaratory relief:

A. That this Court declare that the Property owned and/or operated, by DEFENDANT, is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MR. JACKSON pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANT in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. JACKSON pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**THE BIZER LAW FIRM, L.L.C.**
*Attorney for Plaintiff*

/s/ Andrew D. Bizer

6

ANDREW D. BIZER (LA # 30396)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999
Email: andrew@bizerlaw.com